UNITED STATES FEDERAL COURT OF JUSTICE

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Shomari E. Norman | ) | |
| Plaintiff, | ) | COMPLAINT |
| v. | ) | |
| | ) | 23 CV 01939 |
| THE CITY OF NEW YORK,   NEW YORK | ) | |
| HOUSING PROGRAM, NEW YORK | ) | CIVIL ACTION |
| CITY HOMEBASE 1 RY MANAGEMENT Co. | ) | |
| Inc. (Kelly Owner LLC.) NEW YORK CITY | ) | |
| | ) | |
| HOUSING AUTHORITY, NEW YORK CITY | ) | |
| Police Department48th Precinct Defendant(s) | ) | |
| | | 1 January. 2023 |

## **PLAINTIFF DECLARATION OF AFFIDAVIT FOR CIVIL ACTION**

The Plaintiff respectfully submits this memorandum of law in support of Civil Action. The Plaintiff has submitted relevant evidence and information pertaining to this legal action.

COMPLAINT:

1.      The Plaintiff has submitted evidence to all Defendants that are listed in this Civil Action Lawsuit.

2.      All Realty companies and or property business volunteering for the New York City SEPS Program waiver the Security Deposit leasing property to any participant in this program.

3.      The Plaintiff has submitted Exhibit A- the Ledger from RY Management Co. Inc. The Ledger from RY Management clearly states that the Plaintiff was charged for the Security Deposit.

4.      The Ledger lucidly reflects that the Plaintiff paid the infraction from RY Management Co. Inc.

5.      The Plaintiff went to New York City HomeBase 1 on the 20 May 2019 to report the infraction of the Security Deposit as well as trying to re-new the voucher. The Plaintiff spoke with Ms. Karen Johnson and notified New York City HomeBase 1 that the Plaintiff was charged a Security Deposit. The Plaintiff gave the Ledger to Ms. Johnson. Ms. Johnson made a copy of the Ledger and told the Plaintiff that she would investigate the situation. Later, Ms. Johnson told the Plaintiff to comeback for another visit in a few days.

6.      During the Plaintiff inquiry about the Security Deposit payment the Plaintiff gave Ms. Johnson a

PG1

copy of the complaints he sent to RY Management Co. Inc. Some of the Plaintiff property was being stolen from the apartment rented by the Plaintiff. (Exhibit          )

7.      The Plaintiff returned to NEW YORK CITY HOMEBASE 1 for a schedule appointment on 31/ May 2019. The Plaintiff spoke with Intake Specialist Mr. Burns. The Plaintiff bought with him some required documents to the appointment with Ms. Johnson and HOMEBASE 1. The Plaintiff showed the specialist a copy of his lease, Social Security Card and Veteran ID as required. NEW YORK CITY HOMEBASE 1 never investigated why the Plaintiff was charged a Security Deposit Fee. RY Management Co. Inc. is a volunteer company who is a leasing agent in the SEPS NYC housing program. ALL property companies and business must waive the Security Deposit to all New York City SEPS voucher holder(s).

8.      RY Management Co. Inc. (Kelly Owner LLC) and the Plaintiff agreed that the rent would be as printed on the NEW YORK CITY housing voucher $534.33. (Exhibit          ) The Plaintiff moved into 2375 Southern Blvd apart 2C on 6 July 2019.   His rent was increased from $1213.00 to $1300.00 breaking the contract and lease agreement on 1 July 2019. This fact is printed on the Plaintiff Ledger from RY Management (Exhibit      ). NEW YORK CITY HOMEBASE 1 and the agents of NEW YORK CITY HOUSING DEPARTMENT was notified by the Plaintiff.

9.      On the NEW YORK CITY SEPS voucher states the Plaintiff monthly rent payment ($534.33). The Plaintiff contribution from the NEW YORK CITY SEPS voucher is 30% of the rent. (Exhibit    ). The Plaintiff obtain this housing voucher at BRONXWORKS in the Bronx, New York on 4 June 2018. A copy of the NEW YORK CITY SEPS voucher was given to NEW YORK CITY HOMEBASE 1 in a timely manner as required by law. 25 U.S. Code § 4137- Lease requirements and tenant selection (1) terms and agreement with complainant.

10.     The Plaintiff has followed NEW YORK CITY HOUSING rules and regulations and reported this "Illegal" activities to HRA- NEW YORK CITY HOMEBASE 1 agents. The Plaintiff case was never investigated by NEW YORK CITY HOMEBASE 1 and RY Management Co. Inc.

11.     The Plaintiff informed RY Management Co. Inc. (Kelly Owner LLC) that his apartment was broken into. Several items were stolen. There is a security camera in front of the Plaintiff door (2375 Southern Blvd Apt 2C). The Plaintiff did not file a police report. Thus, reported this incident to the leasing office and Carmine the person responsible for the CCTV in the building. (Exhibit      ). The Plaintiff requested to move to another apartment that was available in the complex at the time. The Plaintiff request was denied.

12.     NEW YORK CITY housing was notified that someone has broken into the Plaintiff apartment. The Plaintiff property was stolen. Moreover, someone has put somethings in the Plaintiffs' drinks. The substance gave the Plaintiff a tired and made him dizzy. NEW YORK CITY Attorney General James office sent an officer to investigate my inquire. The CCTV footage was never reviewed. Exhibit

13.     The Plaintiff received a payment notice from RY Management Co. Inc. (Kelly Owner LLC) The notice stated that the Plaintiff owed $2,358.97. (Exhibit      ) Stated on RY Management payment ledger, the Plaintiff has always made payments more than the NEW YORK CITY SEPS voucher required him to pay. {Ledger Exhibit          }

14.     The Plaintiff moved out of 2375 Southern Blvd apartment 2C on 3 June 2019. RY Management

Co. Inc. requested for the Plaintiff to pay another Security Deposit of $1,184.77. The Plaintiff received this document dated 19 Aug. 2019. (Exhibit     ). The Plaintiff never received returned funds he over paid to RY Management Co. Inc. The rental agreement on the NEW YORK CITY SEPS voucher lucidly states the approved apartment or Room Rent. The rent was raised after both parties signed the rental agreement between the landlord and tenant. RY Management breach the contract between NEW YORK CITY, NEW YORK CITY HOUSING and the Plaintiff SHOMARI E. NORMAN.

15.    As the result of the shady practices of NEW YORK CITY HOMEBASE 1 for non-compliance of housing voucher rules and regulations of city and state statues and the "Illegal" activities of RY Management Co. Inc. for over charging the tenant (Shomari E Norman) thousands of dollars, the Plaintiff became homeless. NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES processed the Plaintiff into NEW YORK shelter system on 4 June 2019. (Exhibit     ).

16.    The Complainant notified NYPD 48th Precinct of property being stolen from his apartment (Exhibit     ). NYPD never investigated the reported incident.

17.    The Plaintiff has suffered great loss of property, finances and time due to the gross criminal negligence by the Defendants RY Management Co. Inc. (Kelly Owner LLC), NEW YORK HOUSING-HOMEBASE 1. The Ledger from RY Management clearly reflect that the Plaintiff has overpaid on his rent. NEW YORK CITY HOUSING- HOMEBASE 1 failed to investigate that matter and resolve the issue of over payment. Further, NEW YORK CITY HOMEBASE 1 failed to prevent the Plaintiff from becoming HOMELESS. NEW YORK CITY HOMEBASE 1 is in place for the city of NEW YORK to prevent "HOMELESSNESS".

18.    NEW YORK REAL ESTATE COMMISSION requires the property, apartment or room to be listed and given written notice to the tenant and NEW YORK HOUSING. RY MANANGEMENT Co. Inc. (Kelly Owner LLC) listed the apartment for $1213.00. The apartment listing and agreement with the Plaintiff is found on the Tenant lease and on the NEW YORK CITY SEPS voucher. {Exhibit     }. It is "Illegal "Advertisement" and or make written agreement statements on the lease and housing voucher. 25 U.S. Code § 4137- Lease requirements and tenant selection (3)- RY Management Co. Inc. (Kelly Owner) violated the lease agreement.

## JURISDICTION AND VENUE

19.    The Court has jurisdiction over the subject matter and the parties are pursuant to 28 U.S.C. 1331, as this case involves questions of Federal law. This Court has the jurisdiction pursuant to 28 U.S.C. § 1343 because the Plaintiff seeks damages for violations of his civil rights.

20.    The Court has supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. § 1367 claim form part of the same case or controversy under Article III of the United State Constitution. The Plaintiff state law claim share common operative facts with federal law claims and the parties are identical. Resolving the Plaintiff federal and state claims in a single action serves the interests of the judicial economy, convenience, consistency and fairness to the parties involved.

21.    Venue is proper and the Defendants are subject to the personal jurisdiction of this Court because the Defendants maintain business operations in the District of New York. The Defendants resides in the state of NEW YORK. Title 28 under Judiciary and Judicial procedures U.S.C. §1391-(a)(1) the civil

action should be bought before the district court. (a)(2) The proper venue for a civil action shall be determine without regard to whether the action is local or transitory in nature.

22.    Part 212 Uniform Civil Rules for District Court. The Plaintiff actions shall be applicable to all actions and proceedings in the District Court of the State of New York. The Plaintiff was a New York domiciliary from March 2018-March 2020. The Defendants work for or has a contract with the government or NEW YORK CITY HOUSING AUTHORITY. Under New York comparative negligence statue, C.P.L.R. 1411, "Culpable conduct attributable to a claimant (in a personal injury action) ......including contributory negligence or assumption of risk" does not bar recovery. The Defendants never forwarded the Plaintiff over paid funds for rent 2375 Southern Blvd. Apartment 2C.

## NATURE OF THIS CIVIL ACTION

23.    This civil action is brought pursuant to Title VII of the Civil Rights Act of 1942. 42 U.S.C.§ 2000. Also, 18 U.S.C.§ 47 Fraud and False Statements made against the rights of the Plaintiff.

24.    The Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages and penalties for violations of his Federal and New York statutory well-being in common law.

25.    Through this Complaint, the Plaintiff (Shomari E. Norman) rights in this action has been induced, impeded upon and violated by the Defendants. The Defendants knowingly exploited the Plaintiff.

26.    The Plaintiff suffered losses due to the Defendants engaged upon discriminatory housing practices. RY Management Co. Inc. was notified that some of the Plaintiff property was stolen from his apartment. The Plaintiff requested to be moved to another open vacant apartment. The Plaintiff is a United States Disable Combat Veteran; who has suffered injuries from varies tours overseas. NEW YORK CITY HOUSING- HOMEBASE 1 was also notified that the Plaintiff property was stolen from his apartment and request to move to another vacant apartment. The Plaintiff was denied his request to move to another vacant apartment. Exhibit        .

## ACTUAL DAMAGES

26.    Actual damages may include both out-of-pocket expenses and damages for intangibles injuries. HUD Blackwell. Fair Housing - Fair Lending (P-H) § 25,001, 25,005 (HUDALJ Dec.21 1989), aff'd 908 F. 2d 864 (11thCir. 1990)

A. ("Blackwell I"); HUD v Godlewski, 2007 WL 4578540 (Dec. 21 2007). Out of pocket damages seek to reimburse an aggrieved party for the actual, economic consequences of discriminatory conduct. Such expenses include the complainant's inconvenience, loss of housing opportunity, the costs associated with finding suitable alternative housing and costs associated with prosecuting fair housing cases.

B. HUD v. French, 1995 WL 542098 (Sept. 12, 1995). Damages for intangible injuries include compensation for embarrassment, humiliation, and emotional distress caused by the discrimination. Emotional distress may be determined based on inferences drawn from the circumstances of the act of the discrimination, as well as on testimonial proof. "Because emotional injuries are by nature

qualitative and difficult to quantify, courts have awarded damages for emotional harm without requiring proof to the actual dollar value of the injury:"

27.     Emotional distress is an injury the court must examine in the nature of the incident. Godlewski, 2007 WL 4578540, at *2. the injured party's susceptibility to emotional harm must be taken into consideration as well as the conduct of the matter. Many court records demonstrate that, as a result of respondent's conduct, Complainant suffered out-of- pocket expenses and severe emotional distress.

28.     The Charging Party (Plaintiff) seeks $50,000,000,000.00 to compensate Complainant for his inconvenience for stolen property. In addition, the Plaintiff seeks $300,000,000,000.00 damages for lost housing, housing opportunities and becoming homeless. RY Management never refunded the Plaintiff over payment of rent. (Exhibit     ).

29.     The Plaintiff requested to move to a vacant apartment to RY Management Co. Inc (Kelly Owner) after his property was stolen from 2375 Southern Blvd. Apartment 2C.   The Plaintiff became homeless due to the criminal negligence by the Defendants.

30.     HUD, v French the home that the complainant preferred was cheaper, in a cheaper school district, closer to shopping, and in a safer neighborhood. After being denied that housing opportunity due to familial status discrimination, she was forced to move into a more expensive, crime- and insect-ridden apartment complex farther from her favorite activities and in a worse school district. The Plaintiff is a Unites States Disabled Combat Veteran.

31.     Factual evidence is presented in this case. The Complainant was forced to move out of his apartment by RY Management Co. Inc. (Kelly Owner LLC) The Plaintiff over paid in rent and was never refunded his money. Further, some of the Plaintiff property and belongings were stolen from his apartment. The Complainant notified RY Management Co. Inc. (Kelly Owner LLC) about property and belongings being stolen from his apartment.   The Plaintiff felt unsafe and uncomfortable living in the apartment rented 2375 Southern Blvd. Bronx, New York 10460 Apartment 2C.

32.     The Plaintiffs' Tenant Rights, Civil Rights and liberties has been impeded upon by the Defendants under the color of law.

**FACT OF THE CASE**

33.     All material in this civil action are verified and documented on public record. The Plaintiff has submitted a copy of the rental ledger from RY Management Co. Inc. (Kelly Owner LLC) to NEW YORK CITY HOMEBASE l. The NEW YORK CITY SEPS voucher clearly states that the Plaintiff is to pay $534,33. Exhibit

34.     The Plaintiff made RY Management Co. Inc. (Kelly Owner LLC) aware of the overpayments. 25 U.S. Code § 4137- Lease requirements and tenant selection (3)- RY Management Co. Inc. (Kelly Owner LLC) provided written proof of the Ledger on record. Exhibit     .

35.     The Plaintiff notified RY Management that his property was being stolen from his apartment. Exhibit

36.      The Plaintiff filed complaints with NEW YORK CITY HOUSING AND NEW YORK CITY

HOMEBASE l. Exhibit

37.     RY Management Breached terms in contract agreement with NEW YORK CITY SEPS program and the Plaintiff. After the initial signed lease agreement, RY Management increased the rent never notifying the Plaintiff or NEW YORK CITY HOUSING SEPS program of the changes to the "New" signed lease agreement.

38.     The Complainants' apartment 2C in the building 2375 Southern Blvd. Bronx New York 10460 has security cameras. One of the many security cameras is right in front of the Plaintiffs' door. The Plaintiff has made reports of theft. The RY Management Co. Inc. never investigated the security cameras to see whether someone indeed "Broke and Entered" the Complainant apartment.

39.     The Plaintiff suffered emotional and mental distress from the Defendants' false practices under the color of law. The Plaintiff is a United States Disabled Combat Veteran who suffers with injures from varies combat operations for the United States. The Defendants malpractices actions has worsened his mental health and physical health conditions

40.     The Department of Housing and Urban Development (HUD) enforces the Fair Housing Act which prohibits discrimination and the acts of intimidation of people in their homes, apartment buildings and condominium developments. The Lease rental agreement was violated by RY Management Co. Inc. (Kelly Owner). The rent was increased from the original contract which was signed and dated before the Complainant received the keys to the apartment. Exhibit

41.     The Complainant informed NEW YORK CITY HOUSING of property being stolen from his apartment. NEW YORK CITY HOUSING sent an agent to the Plaintiff resident. The officer took the Complainant statement. NEW YORK CITY HOUSING never investigated the security cameras' that are in front of his apartment. Exhibit

42.     RY Management Co. Inc. (Kelly Owner LLC) refused to move the Plaintiff into a vacant apartment after being notified of false entry and theft of the Complainant property. RY Management Co. Inc. (Kelly Owner LLC) refuse to abide by Housing Act rules, HUD policies, practices and or services. RY Management Co. Inc. (Kelly Owner LLC) was bias in not investigate a serious matter that has affected the Plaintiff.

43.     RY Management Co. Inc. (Kelly Owner LLC) profited in increasing the Plaintiff rent 1 month after the lease agreement was signed and dated. RY Management Co. Inc. (Kelly Owner) ledger reflect this fact. Exhibit        . 25 U.S. Code § 4137- Lease requirements and tenant selection (2) requires owners or landlords to maintain acclaimable housing codes and quality standards.

44.     RY Management Co. Inc. (Kelly Owner LLC) has a record on file the Complainant is Disabled

45.     The Complainant notified NYPD the 48th Precinct about some of his property being stolen from his apartment. NYPD never filed nor investigated the security cameras' that are in front of the Plaintiff apartment door. Exhibit     is a letter written by the Plaintiff to NYPD 48th Precinct Bronx NEW YORK.

46.     RY Management Co. Inc. (Kelly Owner) was not permitted to modify the NEW YORK CITY

SEPS voucher program terms and agreements. The Charging party violated NEW YORK CITY HOUSING rules and regulation. NEW YORK CITY HOMEBASE l was made aware RY Management Co. Inc. (Kelly Owner). violated the lease agreement. 25 U.S. Code § 4137- Lease requirements and tenant selection (1) Do not contain unreasonable terms and conditions

47.      The court can clearly see the parallels between the matter and injury suffered in the Godlewski case. In that case, the complainant was denied her preferred housing opportunity due to familial status discrimination. After seeing a "for rent" sign which stated "no kids, no dog," the complainant experienced extreme anger and anxiety, ultimately leading to a days-long migraine headache. She suffered emotional distress from the situation. The Plaintiff suffers with PTSD, migraines and other injures from serving the United States in varies operations. The Plaintiff made RY Management Co. Inc. (Kelly Owner LLC), and NEW YORK CITY HOUSING- HOMEBASE l aware of the breach of contract in a timely manner. The terms of the lease were violated and the Plaintiff notified the leasing office.

48.      The Landlord is bound to the terms of years of the lease. The lease binds both parties to the agreement for a period of time as stated on the NEW YORK CITY voucher. The landlord is restricted to increase rent without the knowledge and consent of the tenant. The Fair Housing Act protects the Plaintiff from unaware charges and changes to the original lease agreement.

49.      RY Management Co. Inc. (Kelly Owner LLC) embezzled money against the Plaintiff will. RY Management Co. Inc. (Kelly Owner) made illegal charges to the Plaintiff rental account and refuse to return the overpayments of fees. 25 CFR § 11.414- Embezzlement; A person who shall. having lawful custody of property not his or her own, appropriate the same to his or her own use, with intent to deprive the owner thereof, shall be guilty of embezzlement.

50.      The tenant has rights relating to the safety and quality of their housing. Laws protect the tenant from housing discrimination, harassment and fraud from the Landlord. RY Management Co. Inc. (Kelly Owner LLC) violated NEW YORK STATE housing laws and statues which has affected the Plaintiff on varies levels in his life. 42 U.S. Code § 12755- Tenant and participant protections (2). RY Management failed to fulfill the obligations of the lease.

51.      NEW YORK CITY HOMEBASE l failed to resolve the over payment charges the Plaintiff paid to RY Management Co. Inc. (Kelly Owner LLC). NEW YORK CITY HOMEBASE l offered the Plaintiff a voucher that replaced NEW YORK CITY SEPS voucher. NEW YORK CITY HOMEBASE l also violated the NEW YORK CITY HOUSING rules of the voucher program.

## LEGAL STANDARD

52.      Every legal document must have a signature to bind the responsibility to both parties involved. 15 U.S.C. 7001(b)(1)- The General rule of validity; Rule of law, a signature is required under statue to make it a binding instrument.

53.      The NEW YORK CITY SEPS voucher was based on the Plaintiff showing proof of disability. NEW YORK CITY HOMEBASE 10 U.S. Code § 92 (3) failed to comply with terms to agreement with the Plaintiff.

54.      RY management Co. Inc. (Kelly Owner LLC) did not properly notify the Plaintiff of the rent

increase or change of lease agreement. UCC 2- Article 2 A under the contract agreement involving contracts, goods and or services indicates the Defendants violated the Plaintiffs' rights under the color of law. RY Management Co. Inc. (Kelly Owner LLC) violated the Plaintiff's Civil Rights. RY Management Co. Inc. (Kelly Owner LLC) falsely modified the lease agreement between NEW YORK CITY HOUSING AUTHORITY- NEW YORK CITY SEPS housing voucher program and the Plaintiff.

55.    § 2A-303(3) protects the Plaintiff from any alienability of Party's interest under lease contract. The provision states in a lease agreement which(i) prohibits the creation or enforcement of a security interest in an interest of a party under the lease. RY Management Co. Inc. (Kelly Owner LLC) under the NEW YORK CITY SEPS program is not to request for a security deposit. RY Management Co. Inc. (Kelly Owner LLC) charged the Plaintiff a security deposit. Exhibit

56.    RY Management Co. Inc. (Kelly Owner LLC) misrepresented the pricing of the apartment that was listed. The apartment listed and agreed is stated on the lease agreement and the NEW YORK CITY SEPS voucher program. Rental scams misuse the city money, and the participant for it's personal gain. This act of malice is known to have fake ads and listings to gain access to other voucher holders. RY Management Co. Inc. (Kelly Owner LLC) made false statements to all parties involved in the NEW YORK CITY SEPS housing program.

57.    RY Management Co. Inc. (Kelly Owner LLC) committed housing fraud. The landlord violated the rules and regulations of the NEW YORK CITY SEPS housing program. Under the NEW YORK CITY SEPS voucher program the landlord is not required to receive a Security deposit.

58.    Plaintiff reported the "Illegal" modified lease to NEW YORK CITY HOMEBASE 1. There was no scheduled hearing to resolve over payment and "New" charges. RY Management ledger shows the amount of money the Plaintiff paid for rent. The Plaintiff was never late with payment.

59.    The Plaintiff 14 Amendment rights has been violated by the Defendants. The Plaintiff is a United States Disabled Combat Veteran; who has Honorable served In Operation Iraqi Freedom and Operation Iraqi Enduring Freedom. The Plaintiff has received a Unit Citation from the UNITED STATES President. Under the 14 Amendment, the Plaintiff has the right to have Equal Protection under the LAW.

60. The Defendant has induced the Plaintiff to give up rights that are protected by law. The Complainant notified all parties of varies infractions and tried to rectify the situation in a timely manner.

61.    The Defendants obtained the Plaintiff personal information to defame his name and character (Section 2332b(g)(5)(B). The Defendants knowingly used the Plaintiff personal information that produced unauthentic fraudulent documents to impede upon the rights of the Plaintiff (18 U.S.C. 1028(a)(1)(2)(3). Plaintiff Exhibits .

62.    The Defendants knowingly produce fraudulent documents that are recorded on public record. The NEW YORK CITY SEPS voucher is signed by the Plaintiff, NEW YORK CITY HOUSING AUTHORITY- NEW YORK CITY SEPS housing program and the landlord.  18 U.S.C. 1028(a)(1)(2)(3)(4)(5) Fraud and related activity in connection with Identification documents, authentication.

63.    RY Management Co. Inc. (Kelly Owner LLC) Non-compliance infringed upon the rights of the

Plaintiff (26 U.S.C. 7206(1)(3) Fraud and False Statements).

## CLAIM FOR RELIEF

64.     It's Unfair or deceptive for any collection method to violate the law by using unethical practices to collect fees or debts against any citizen in the United States. Every institution is obligated by law to follow Federal rules and procedures.

65.     Fair Housing Act Collection Practices Act ensures the public the prescribe business transaction is legal and complies with Federal laws.

66.     Defendants subjected the Plaintiff to unwelcome conduct by impeding upon his Civil Rights and Liberties under the color law.

67.     RY Management Co. Inc. (Kelly Owner LLC) reported listed the apartment and agreed to lease the apartment at $1213.00. RY Management Co. Inc. (Kelly Owner LLC) charged the Plaintiff "Unit Hold" fee on 7/13/2018. 1 month after the leasing agreement was signed {RY Management Co. Inc. (Kelly Owner LLC) ledger} (Exhibit          ).

68.     The Plaintiff multiple inquires and or complaints to RY Management Co Inc. (Kelly Owner about over payment charges.

69.     The Defendants unlawful actions were intentional, willful, malicious, and done with reckless disregard to the Plaintiff rights under the color of law.

70.     The Defendants defamed the Plaintiff through publication. (Fair Consumer Act). RY Management Co. Inc. (Kelly Owner LLC) violated the FAIR HOUSING ACT (HUD)- rules and regulations of the housing program.

71.     The Plaintiff reasonably believe that these actions by the Defendants are unlawful and against Federal laws and the United States Constitution.

72.     As a result of the Plaintiff complaints and legal action, the Defendants took unlawful actions against the Plaintiff to make the Plaintiff "Suffer" in silence. The Defendants retaliated against the Plaintiff and have been trying to induce the Plaintiff to give up his rights. The Plaintiff became homeless due to the result of "Criminal Negligence.

73.     As direct, legal and proximate result of slander, defamed character and embezzlement, the Plaintiff has sustained economic and emotional damages resulting in damages in an amount of $350,000,000.00.   The Plaintiff has spent over 4 years trying to retrieve monies over paid to RY Management Co. Inc. (Kelly Owner LLC).

74.     42 U.S.C. 1981(a)   Provides "[a] person within the jurisdiction of the United States shall have the dame right in every State and Territory to make and enforce contracts, sue, be parties, give evidence and to the full and equal benefit of all laws and proceedings for the security of person(s) and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, license and exactions of every kind and to no other".

pg 9

75.    The Plaintiff is in the jurisdiction of the United States

76.    The Defendants illegal practices is severe and has damage to Plaintiff directly and has created a hostel atmosphere of discrimination against his rights.

## PRAYER FOR RELIEF

77.    The Defendants actions, policies and practices are unlawful.

78.    RY Management Co. Inc. (Kelly Owner LLC) changed the leasing agreement without the knowledge and consent of the Plaintiff.

79.    For compensation damages over payment of rent.

80.    For compensation damages for the Plaintiff emotional pain and suffering in the amount of $350,000,000.00 USD

93.    For punitive damages in the amount of $50,000,000.00 USD

94.    For lost housing opportunities the Plaintiff has suffered.

95.    For the Defendants engaging in unlawful acts and impeding upon the rights of the Plaintiff.

96.    For such other and further relief as the Court deems just and proper.

Dated 1 January 2023

Respectfully

Shomari E Norman

Shomari E Norman

      Plaintiff (Pro Se)

EMAIL : shomari.norman3@gmail.com
Tel : 412-512-5859
Address : 724 West little Creek Rd Apt 204
          Norfolk VA 23505

PG. 10