

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Marilyn Richter**<br>mrichter@law.nyc.gov<br>212-356-2083 |

September 15, 2023

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/2023
```

   Re: *Norman v. The City of New York, et al.*
     23-cv-01939 (JHR) (KHP)

Your Honor:

   I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York assigned to represent City Defendants in the above-subject case. I write concerning the mediation session that has been scheduled before mediator Eva Posman for September 29, 2023. Ms. Posman held a telephone call with counsel for the parties and Mr. Norman's pro bono counsel for the purposes of mediation.

   I asked whether the City Defendants were required to attend the mediation session if they were not prepared to attempt to resolve the case through settlement. Ms. Posman understandably stated that while she was not interested in wasting anyone's time, since this was mandatory mediation, if a party did not want to participate, then they would have to seek direction from the Court.

   Accordingly, I am writing to Your Honor to seek your direction. After review of the law, the pleadings and the records of my clients, I do not believe that it is in the City Defendants' interests to resolve this case through settlement. Without getting into specifics, if Plaintiff can receive a monetary settlement from City Defendants in this case, then thousands of other present and former beneficiaries of this and other programs provided by City Defendants could also believe themselves entitled to bring similar litigation and receive similar monetary settlements. Beneficiaries of these programs are required to raise any problems they have concerning the benefits they receive through certain procedures and in accordance with certain timelines, so that these problems can be addressed in a timely and orderly fashion. If Plaintiff can ignore those procedures and requirements and then much later go to Court and obtain damages based on the alleged problems that were purportedly not addressed previously, then

other beneficiaries may do the same.  Nor would it be in the interests of City Defendants if other persons who were the victim of a burglary in New York City could bring a claim against the City of New York for monetary damages for the value of the items burglarized.

If Your Honor directs me to, I will attend the mediation session on September 29, 2023, and will submit a statement to Ms. Posman on September 22, 2023, explaining the City Defendants' position as set forth above in greater detail.  However, I would prefer not to do so, because I do not believe it will be a productive exercise for the parties or the mediator, and I therefore respectfully request that I be excused from participating in the mediation.

Thank you for this consideration and I await your direction.

/s/ Marilyn Richter
Marilyn Richter
Assistant Corporation Counsel

Cc: Shomari E. Norman Plaintiff pro se (by email and first-class mail)
Eva Posman (via email)
Alan Serrins, Adam E. Collyer, David M. White, pro bon counsel for Plaintiff for purposes of settlement (via email)

**APPLICATION GRANTED**

/s/ Katharine H. Parker
Hon. Katharine H. Parker, U.S.M.J.   9/20/2023

The City Defendants will not be required to participate in mediation if doing so is not productive.

RY Management Co. will still be required to attend.